JS 44   (Rev. 12/07, NJ 5/08)

## CIVIL COVER SHEET

**14   3785**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SABRINA NELSON

### DEFENDANTS
PATENAUDE & FELIX, A.P.C.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692

Brief description of cause:
Fair Debt Collection Practices Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S)
(See instructions):

JUDGE                                    DOCKET NUMBER

Explanation:

DATE   06/18/2014

SIGNATURE OF ATTORNEY OF RECORD   /s Craig Thor Kimmel CTK 3654

JUN 19 2014

**TON**   14-a-3785

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 7010 Grays Avenue, Philadelphia, PA 19142     **14   3785**

Address of Defendant: 213 East Main Street, Carnegie, PA 15106

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
     (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

JUN 19 2014

I, Craig Thor Kimmel , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 06/18/2014     Craig Thor Kimmel     57100
Attorney-at-Law     Attorney I.D.#
**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/18/2014     Craig Thor Kimmel     57100
Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SABRINA NELSON | : | CIVIL ACTION |
| v. | : | **14   3785** |
| PATENAUDE & FELIX, A.P.C. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (x)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 06/18/2014 | Craig Thor Kimmel | SABRINA NELSON |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 1 9 2014

$400.00

**TON**



## UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABRINA NELSON, | ) |
| Plaintiff | ) **14    3785** |
| v. | ) **Case No.:** |
| PATENAUDE & FELIX, A.P.C., | ) **COMPLAINT AND DEMAND FOR** |
| Defendant | ) **JURY TRIAL** |
| | ) **(Unlawful Debt Collection Practices)** FILED |

JUN 19 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## COMPLAINT

SABRINA NELSON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PATENAUDE & FELIX, A.P.C. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.



- 1 -

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19142.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with its main office located at 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123, and having an office located at 213 East Main Street, Carnegie, Pennsylvania 15106.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11.     The alleged debt, a GE Capital Retail Bank personal credit card account, arose out of transactions, which were primarily for personal, family, or household purposes.

12.     Beginning in or around June 2013, and continuing through September 2013, Defendant repeatedly and continuously contacted Plaintiff on her home and cellular telephones in its attempts to collect a debt.

13.     Defendant contacted Plaintiff, on average, at least once a day and at times calling more than twice a day in its attempts to collect a debt.

14.     During the relevant period, Plaintiff received more than ten (10) collection calls a week from Defendant.

- 2 -

15.     In those instances where Plaintiff answered Defendant's calls, Defendant demanded payment of more than $4,400.00.

16.     Plaintiff informed Defendant that she was unemployed, could not make payment, and to stop calling.

17.     In response, Defendant's collector stated that he did not care if she doesn't work and claimed she could pay.

18.     Further, Defendant's collector threatened legal action and told Plaintiff that she doesn't have the money for a lawyer, so it's better if she pays.

19.     Upon information and belief, at the time Defendant threatened legal action, it did not intend to take the action it threatened, and to date, Defendant has not taken any legal action against Plaintiff.

20.     In addition, Defendant failed to update its records to stop the calls to Plaintiff.

21.     Rather, Defendant continued calling Plaintiff in its attempts to collect the alleged debt.

22.     Upon information and belief, when calling Plaintiff, Defendant did not possess information or have a reasonable belief that Plaintiff's financial situation and employment status had changed which would allow her to make payment.

23.     Defendant's purpose in calling Plaintiff was to annoy, abuse and harass her, believing that it would likely cause Plaintiff to make payment on the alleged debt.

24.     Lastly, in its attempts to collect a debt, on June 25, 2013, Defendant sent Plaintiff written correspondence stating that a debt had been "assigned to this firm to initiate collection efforts regarding [her] delinquent outstanding balance to [its] client." See Exhibit A, Defendant's June 25, 2013, letter.

25. The letter is purportedly from Gregg L. Morris, Esquire at Defendant. <u>See</u> Exhibit A.

26. The letter was purportedly signed by Gregg L. Morris, Esquire (hereinafter "Attorney Morris"). <u>See</u> Exhibit A.

27. Upon information and belief, that is not the "signature" of Attorney Morris on the June 25, 2013, letter to Plaintiff; rather, it is an autopen or computer printing of his name.

28. The collection letter was not prepared, reviewed, or sent by Attorney Morris as the letter indicates.

29. Upon information and belief, the collection notice was prepared and sent by other individuals employed by Defendant.

30. The letter deceptively conveys review and involvement by Attorney Morris, when he had none.

31. Upon information and belief, Attorney Morris was not involved in the collection of Plaintiff's debt.

32. Further, Defendant's letter falsely, deceptively and/or misleadingly represents that Attorney Morris had authored the letter, when he did not.

33. Defendant has been sued prior to the instant case for the identical violation in the case of <u>Kathleen Taylor v. Patenaude & Felix, A.P.C., et al.</u>, No. 2:13-cv-01281 (E.D. Pa. March 11, 2013).

- 4 -

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34.     In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

### COUNT I

a.      A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.      A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.      Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her home and cellular telephones, at least, once a day and sometimes calling more than twice a day, as well as continuing to call Plaintiff after having been told to stop calling and that she did not have the means to pay the debt.

### COUNT II

a.      A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b.      A debt collector violates §1692e(3) of the FDCPA by falsely representing or implicating that any individual is an attorney or that any communication is from an attorney.

- 5 -

c.     A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d.     Section 1692e(9) of the FDCPA prohibits debt collectors from using or distributing any written communication which simulates or is falsely represented to by a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

e.     A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

f.     Here, Defendant violated §§ 1692e, 1692e(3), 1692e(5), 1692e(9) and 1692e(10) of the FDCPA sending correspondence which created the false impression that the correspondence was written by an attorney and that the communication was from an attorney, when it was not; by stating  Gregg Morris, Esquire had written the letter, when he did not; and threatening suit against Plaintiff when it did not intend to take the action threatened.

## COUNT III

a.     A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.     Here, Defendant violated § 1692f of the FDCPA by failing to update its records and continuing to call Plaintiff's home and cellular telephones after being told that she lost her job, she does not have any money, and to stop calling.

- 6 -

WHEREFORE, Plaintiff, SABRINA NELSON, respectfully pray for a judgment as follows:

      a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SABRINA NELSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: June 18, 2014

By: __/s Craig Thor Kimmel CTK 3654
CRAIG THOR KIMMEL
PA ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

| 4545 MURPHY CANYON RD., 3RD FL.<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600 (800) 832-7675<br>FAX (858) 836-0318 | 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7700 (866) 772-7675<br>FAX (412) 429-7719 | 1771 EAST FLAMINGO RD., STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2052 (800) 567-3052<br>FAX (702) 952-2056 | 522 SW 6th AVENUE, STE. 1300<br>PORTLAND OREGON 97204<br>TEL (503) 248-2578 (800) 832-7675 | 2200 6th AVENUE, STE. 750<br>SEATTLE, WASHINGTON 98121<br>TEL (206) 441-4069 (800) 832-7675<br>FAX (206) 441-5475 |

June 25, 2013

SABRINA NELSON

RE:   Our Client:      GE CAPITAL RETAIL BANK (7501-7)
       Issued as:       Climate Select
       Account Number:   XXXXXXXXXXXX3964
       Our File Number:   13-20125
       Balance Due:     $4,402.53

Dear Sabrina Nelson:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client. If you wish to eliminate further collection action, please contact us at (866) 772-7675.

Unless you notify this office within THIRTY (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Further, if you make a written request upon this office within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

LAW OFFICE OF PATENAUDE & FELIX

GREGG L. MORRIS, ESQ.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

PF_03 Ltr Initial Demand                                                P&F File No. 13-20125



PLAINTIFF'S
EXHIBIT
A

ALL-STATE LEGAL®